UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 8:17-cr-317-T-60TBM

JOSEPH JAMES BELMONT,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR
MODIFICATION OR REDUCTION OF TERM OF IMPRISONMENT"**

This matter is before the Court on Defendant Joseph James Belmont's "Motion for Modification or Reduction of Term of Imprisonment," filed *pro se* on October 26, 2020. (Doc. 53). On October 28, 2020, the Court directed the United States to respond to the motion. (Doc. 55). On October 28, 2020, Defendant filed a supplement to his motion. (Doc. 56). On November 10, 2020, the Government filed its response. (Doc. 58). After reviewing the motion, supplement, response, case file, and the record, the Court finds as follows:

On August 22, 2017, Defendant pled guilty to two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On December 12, 2017, the Court sentenced Defendant to 92 months imprisonment. (Doc. 50). Defendant is currently incarcerated at Federal Correctional Institution ("FCI") Coleman in the medium security facility, and he is projected to be released on or about November 23, 2023.

Following Defendant's imprisonment, on March 11, 2020, the World Health

Organization characterized COVID-19, also known as the new coronavirus, as a pandemic. Two days later, on March 13, 2020, the President of the United States officially declared a national emergency due to the virus.

In his motion, Defendant requests that the Court modify or reduce his sentence to release him from federal prison due to health concerns, the spread of Covid-19 among incarcerated persons, and the Bureau of Prison's inadequate response to the Covid-19 pandemic. Defendant claims that suffers from hypertension and has lower back/right hip pain. He also claims that his girlfriend is having trouble supporting his son due to the economic impact of COVID-19. Defendant seeks release under 18 U.S.C. § 3582(c)(1)(A), sometimes referred to as "compassionate release."

A district court is not free to modify a term of imprisonment once it has been imposed, except upon motion of the Director of the Bureau of Prisons ("BOP"); or upon motion by the defendant, after he has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on his behalf, or 30 days has elapsed from receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Celedon*, 353 F. App'x 278, 280 (11th Cir. 2009). To warrant a reduction of his sentence in this case, Defendant must present "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).

After reviewing the applicable law and facts presented here, the Court finds that Defendant is not entitled to relief. Even assuming that he has exhausted his

administrative remedies,[1] the Court finds that Defendant has not demonstrated extraordinary and compelling reasons warranting a modification of his sentence based on his medical conditions.[2] Defendant is a 31-year old offender with criminal and disciplinary history. He has not explained how his medical conditions substantially diminish his ability to provide self-care in his correctional facility. In fact, he indicates that his conditions are being treated and managed within BOP – he states that he is currently receiving chronic care treatment from BOP for hypertension and lower back/right hip pain.[3] Moreover, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release, U.S.S.G. § 1B1.13." *See United States v. Eberhart*, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may

---

[1] BOP has no record of Defendant filing an administrative request for compassionate release. However, Defendant has provided copies of the handwritten requests that he asserts he submitted, on the proper BOP forms. Giving him the maximum benefit of the doubt, the Court will assume that BOP failed to properly record the requests. As such, Defendant appears to have met the lapse requirement.
[2] In USSG § 1B1.13, the Sentencing Commission has set specific examples of "extraordinary and compelling reasons" that may qualify a defendant for compassionate release, including: (1) the defendant suffers from a terminal illness or a serious physical or medical condition that substantially diminishes his ability to provide self-care and from which the defendant is not expected to recover; (2) the defendant is at least 65 years old and experiencing a serious deterioration in his physical or mental health, and he has served at least 10 years or 75% of his prison sentence; (3) particular family circumstances; and (4) other reasons as determined by the BOP.
[3] His 2020 BOP medical records actually show that his hypertension is under control with no medication, and that his lower back and right hip pain issues were resolved.

spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Finally, even if Defendant could establish an extraordinary or compelling reason for compassionate release, the applicable section 3553(a) factors weigh strongly against granting compassionate release in this case. Specifically, Defendant cannot satisfy his burden of demonstrating that he is not a danger to the community – his criminal history demonstrates that he presents a danger to public safety if released. (Doc. 45). Consequently, Defendant's "Motion for Modification or Reduction of Term of Imprisonment" is hereby **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 1st day of December, 2020.

                              **TOM BARBER**
                              **UNITED STATES DISTRICT JUDGE**